Case number 24-3648 and 24-3708, Daniel Stewart et al. v. David Martin et al. Argument not to exceed 15 minutes per side. Mr. Phlam, you may proceed for the plaintiff's appellate cross-appellees. Good morning. Good morning. May it please the Court, Stephen Phlam, on behalf of Rachel Kossoff and Daniel Stewart, I'd like to reserve three minutes for rebuttal. All right. This appeal provides an opportunity for this Court to hold David Martin accountable for breaches of trust that involved his wrongful draining of nearly $14 million from his father's trust. The wrongful withdrawals occurred within a span of less than a year. Nearly $4.5 million was withdrawn within one week of when David Martin's father died at the age of 96, at a time when, as Martin himself acknowledges, his father was suffering from bad dementia. Martin does not dispute in this Court that his actions breached his duties as trustee, as the District Court ruled in entering summary judgment on liability. And Martin's breaches of trust... I thought they do, but on standing grounds. Simply on standing, but they don't dispute the grounds for summary judgment, the inconsistency of his actions, the violation of the... So I guess, yeah, I mean, I agree with you that the procedural posture of this is odd in the sense that they didn't bring this claim on the merits, but if it was purely a revocable trust, then I don't see... And you can just say, look, that's a merits call. But I don't see how he breached a duty under Ohio law. I mean, it's revocable. And so he could revoke. He had the power. The power of attorney was given to him. It is a revocable trust, Your Honor. And the issue as to whether there's a cause of action under Ohio law in that sense, that's an issue that was not raised in the District Court until the Rule 50B motion for judgment as a matter of law. So that argument is waived. It was not raised in the 50A motion. It's also not a jurisdictional argument because, as Your Honor points out, that goes to the merits of a claim, not to whether the court has Article III jurisdiction to decide the claim. The issue that they did raise in the District Court, they waited until after judgment they filed a 50B motion. They did that at the same time they filed a 60B motion. And interestingly, the argument about lack of duty that Your Honor referred to was not included in the Rule 60B motion. They understood that's not a jurisdictional issue, an alleged lack of duty, or they would have included it there. Instead, what they argued in the District Court but now have abandoned on appeal, although they haven't really acknowledged that they've pivoted to a different argument on appeal, that's exactly what they've done. In the District Court, they made a completely different argument that the grandchildren beneficiaries were merely contingent beneficiaries at the time of the alleged wrongdoing before the settler died. And therefore, they say they lack standing and there was a lack of Article III jurisdiction. But that argument has been abandoned on appeal. Can I ask you, did the District Court ever rule on their motion in Lemonet on damages? They didn't write on the experts? The District Court did rule on the motions in Lemonet. I thought it took it under advisement and then never ultimately ruled. Is that wrong? I believe, Your Honor, that the District Court ruled, denied, there were a number of motions in Lemonet with respect to damages. The defendant argued that they should be precluded from offering any evidence of damages because they didn't have an expert. And the judge denied that motion. And then the evidence went in at trial. But the argument that was the basis of the District Court's decision, what's really striking, I think, Your Honor, is about this appeal, is that both of the arguments, the jurisdictional arguments that have been raised, that is the contingent beneficiaries don't have standing and now this lack of duty somehow means there isn't standing, the trustee is unable to cite a single case in support of either of those arguments. They haven't cited a single case holding that there was a lack of standing by contingent beneficiaries and a lack of Article III jurisdiction with respect to claims asserted by contingent beneficiaries. They also haven't cited a single case for their new argument on appeal that this lack of duty translates to a lack of standing or a lack of Article III jurisdiction. They're asking this court to go somewhere where no court has ever gone. And to the contrary, with the one argument that they are making in this court, namely that, you know, there's a lack of duty. You know, as I said, that's waived. But on its merits, every court across the country, state and federal, that has addressed whether the, you know, notwithstanding a lack of duty. Can I ask you about the damages? Sure. I do understand that to be, of course. I looked at the motion in Lemonnier, and if you look at R21, he denies it without any decision on it and then says he'll decide it on the merits at some point, but then throws the case out. But what I see is on the damages issue, can you just walk me through how you calculated your damage? It seems pretty simple, yet when I look at Ohio law, it seems like you have to make whole damages. You have to look at the times of the distribution, calculate interest, do all those things. Sure. The damages are calculated in accordance with Section 5810.02a of the Ohio revised statutes. And basically the goal there, according to that section, is to calculate the, is to determine the amount of distributions that should have been made. That is to restore the value to the trust of the distributions to what they would have been, but for the breaches of trust. And so what we did in the district court was we satisfied our burden under Ohio law of demonstrating damages to a reasonable degree of accuracy. We don't have to do it with precision, but what we did was simplify it, but it was conservative. Because if anything, it understated the damages. So what 52, I'm looking at 5210.02a1.  What it says is the trustee commits a breach and is liable. And then it says the amount required to restore the value of the trust property and trust distributions to what they would have been had the breach not occurred. Which it seems to me the way to calculate that, tell me where I'm wrong, is to say, okay, there's a year, assume this is an irrevocable trust. Because under a revocable trust it doesn't work, but I agree they should argue that in the merits. So assume it's irrevocable. That means that none of the distributions were permissible, so they all have to go back in. And then you calculate what the trust would have earned or lost based on either its history or the statutory rate. And then figure out, divide by five and figure out the distributions. And this puts aside the two early distributions that you're not contesting, right? Correct. Am I right? So the 13.9 or whatever, you put it back in, you figure out what it would have made, and you divide by five. Why am I thinking about that wrong? I think what Your Honor is describing is if one were attempting to calculate damages with the utmost certainty that's possible, that's exactly what you would do. But the difference between ‑‑ I'm sorry. No, you go, and I'll be quiet, and then I'm going to point you back to statutory language. But go ahead. The difference between what Your Honor has described and what was done, it was simplified and simplified in a way that undoubtedly underestimated the amount of damages. What the trustee is ‑‑ It's probably a fair assumption, but it assumes that the trust would make money in that year and not lose, correct? That's fair, yes. I just don't know the historical performance of the trust. You might. In 2020, when the stock market did pretty well. But what's noteworthy is that the trustee only disputes the failure to account for earnings with respect to the $400,000 that were distributed on March 10th, 2020. That's three days, three days before Lester Martin died. That's de minimis. On the other hand, there were a lot more distributions, a lot more, nearly $13 million plus, made that were wrongful, made to the trustee. What do I do, what do we do, when we think, or at least I think, you both get it wrong. In other words, I agree, that seems not consistent with this language, but what you're doing seems not consistent with this language. In other words, it says the amount required to restore the value of the trust property and trust distributions to what they would have been had the breach not occurred. Your argument is, if they were distributed, they had to be distributed equally pursuant to the trust. You say these were unlawfully distributed, which means the way you calculate is you put it all back in, you calculate the amount, and then you divide by five, according to your theory. Why doesn't a court have an obligation, at least in the first instance, to try and do that? Because we only have to prove damages to a reasonable degree of certainty. There's actually no way to know exactly what would have happened. It's unknowable. In other words, if we assume that the wrongful distributions have been left in the trust, it's an assumption that they would have performed in exactly the same way as the assets. I mean, that's how we always do it, right? That is what we've said is to a reasonable degree of certainty. The statute directs you do it this way. Doing it some other way seems odd. You're saying, well, I'm just making the best guess, but why not make the best guess we can as the statute describes? And that's because, as Ohio cases make clear, we don't have to prove damages to an absolute degree of certainty, to mathematical certainty, which is impossible here because no one could say exactly how the money that was withdrawn would have been. But why isn't that why you do what this says and say, okay, that's not to an absolute degree of certainty because we don't know how the trust would have performed? I think there's virtue in both, number one, keeping it simpler, and number two, doing so in a way that undoubtedly underestimated the damages that were received. Because any earnings on the wrongful withdrawals that didn't go to my clients were dwarfed because by amount and by the amount of time that they were invested would have dwarfed anything that my clients recovered in the three days, three days before Lester Martin died. So under those circumstances, given that the damages were clearly, it would have actually, if we tried to guesstimate. What's your best case for a reasonable degree of certainty that would lead me to think we could ignore this language? You can give it to me on rebuttal. Yeah, let me. Sure, that would be helpful. So there's an unresolved, your friends on the other side filed a post-trial motion. It's unresolved. Are there cases that, do you think we should resolve the issue or are there cases that say that the court of appeals should resolve in the first instance an unresolved post-trial motion filed, a timely file to district court? Although the issue that they wish to raise, that is the lack of duty, is waived. So there's, that's why this court, we would ask this court to reverse. Okay. The post-trial motion doesn't tie at all to the damages? The post-trial motion, the post-trial motion may relate. I thought it related partly to damages. I thought your honor was referring to the lack of duty. Well, there could be lots of things in the motion. Yeah, but he's talking to R142 at 2238 where they argued that your evidence was legally insufficient to support the damages at work. Everything we're talking about now. And the district court never decided it because it kicked it on standing. And this court can and should decide that the amount of damages was reasonably accurate. But do you have cases that say that we should do it in the first instance when the district court didn't do it? I think it would be a waste of time and burden on everybody to have to go back for the district court which, you know, for the district court to have to address that issue and then come back here again after the district court addresses that. It happens sometimes. It does. Admittedly, it does. I see my time is up for now. Thank you. May it please the court, Philip Williamson on behalf of Abilene and Cross Appellate David Martin. This is a dispute about what should have been done with the money in Lester Martin's trust while he was alive. The plaintiffs, two of Lester's grandchildren, make a claim to Lester's money based on an alleged procedural violation of Lester's trust that existed for the protection of Lester's interest. Not theirs. This is perhaps the most straightforward way to think about the standing issues in this case. Suppose Lester had remained trustee throughout his life and made these exact same distributions out of the trust. Would the appellants here have standing to sue Lester for a breach of the trust or a breach of fiduciary duty to them? Well, of course not. Why not? Because as contingent beneficiaries, they had no right to the money in the trust, and he owed no duties to them as the trustee. They were alleged in that circumstance. They were alleged in injury that they were entitled to the money and they didn't get it. And what you're saying is there's a legal flaw in their theory. But they still were alleged they were entitled to some money. There was an injury that we could redress. Well, Your Honor, I mean, every party that loses the case on standing will have come to the court and said we allege an injury that could be redressed here. And that simply would not have been true for the grandchildren had they sued grandfather as trustee of grandfather's trust for a breach of the trust duties. And so the question here is how did their legal – Otherwise, every time someone doesn't have a successful cause of action, we kick it on lack of standing, which means we could have – had they sued the grandfather, you never raise that. You litigate this to the end of time. You come up to us. We could have raised defenses for you and got rid of it. Your Honor, which is something this court has done. I would point the court to the Freeland v. Liberty Mutual decision where this court raised jurisdiction for the first time. But jurisdiction we raise all the time. That's my point. Judge Murphy pointed out in the Cheekers decision and Judge Bush and Charlotte Perkins, which I'm sure you're familiar with both of those, that there's a difference between us deciding that a cause of action is frivolous and us saying that the whole action is wholly unsupported and frivolous, which is steel co, which ironically is referring to a rising under jurisdiction, not standing. Sure. I think I would – here I would point the court back to the district court's opinion and to the argument that we raised both in the district court and here, which is that contingent beneficiaries, because they lack any legal rights to the corpus of the trust, do not have an injury in fact to bring to the court for resolution. They wouldn't have had that injury in fact. State law as to whether they have a right to anything. The whole argument about what would happen if the grandfather had been alive and if they sued the grandfather, that's pretty irrelevant because the grandfather passed away and so now we're looking to see what duty there remains for distribution of the assets. And so we have to consult for how state law to make that determination. And so then I guess what we need you to tell us is how should we be guided in that respect if the two that were deprived were entitled to the corpus of the money that would have gone to their father, then it would seem they have a claim. But then we have to consult state law to make that determination. That really would be what might be helpful for you to address, not anything about suing the grandfather, which at least in my thinking is really an irrelevant argument. Your Honor, if I can take maybe three pieces of that and I'll start with the last one. I think the standing to sue the grandfather, jurisdiction of a case involving the grandfather, is relevant in this respect. I think there'd be no question in this court that the grandchildren could not sue the grandfather for a breach of fiduciary duty if he had been the one making the distributions himself because they don't have any legal interest, any legal rights to that money. That comes from figuring out the law. You can answer the rest of Judge Clay's questions. But that one judge, I can't remember who in one of these cases, was talking about standing versus cause of actions. And he said, or she said, if I have to look at the law, that's enough. They have standing. Now I determine if they meet the cause of action. And what Judge Clay is saying is the grandfather is kind of irrelevant here. What happened is Mr. Martin, meaning not Dr. Martin, but Mr. Martin, distributed the funds and we've got to figure that out. And to figure out if he breached his duty, we've got to go look to Ohio law. So standing, it seems, at least is pretty clear. So what do we do in that instance? Your Honor, if I could tie off that last answer, which is the reason why the grandfather is relevant here is the question is how has the grandchildren's legal relationship to the trust corpus changed with David as trustee rather than Lester? And it hasn't if they had no legal rights. Let me make it simple. The fact that we have to go figure out if the writing requirement is a vain act. That's not my argument here. I understand. But the fact that we have to figure that out to see the merits inquiry is enough to say they have standing. You have to do enough to figure out what's going on here. There is standing coming and going. If you look at Charlotte Perkins, Cheekers, even Steelcoat, there's standing. And so the question becomes what do you do in that circumstance? And I get your merits argument. You might be frustrated. The last attorneys didn't raise a really good merits defense, which you've now raised understanding. But we deal with the cases. We get it. You're right, Your Honor. And I have to push back on that last question a little bit because the argument I'm making here is not about the power of attorney and it's not about the vain act. The argument I'm making is about when we're looking at Article III standing, we're looking for an injury in fact. We're looking for an invasion of a legally protected interest. And my argument is the grandchildren have no legally protected interest in the corpus of the trust as long as Lester lives. That is a matter of state law, certainly. But it's state law that tells us what the Article III injury is. If you don't have an interest in the money, then you don't have the ‑‑ then this court doesn't have jurisdiction over the case. In the same way that the court wouldn't have jurisdiction if suppose I am a Kroger shareholder and I want to sue Kroger for breach of contract over the breakdown of the Kroger-Albertson merger. I'm not a party to the contract. I don't have a legally protected interest in the proceeds of that merger. And so I don't have the right to come to this court to raise that claim. That's a claim that belongs to Kroger. In the same way that the breach of duty claim here would belong to Lester or to Lester's estate and not to contingent beneficiaries. I was thinking about this through the Rule 12B framework. Which I'm not saying this is a Rule 12B issue. But Rule 12B requires if you're going to assert a subject matter jurisdiction problem or failure to state a claim, you have to do that 12B1, 12B6 before you do responsive pleading. But that doesn't say anything about standing. And presumably standing can be raised any time. So the Rule 12, as you sort of initially think about a case, kind of segments out these arguments. And to me that sort of seems, in my mind, not helpful to your point. But helps me sort of view how I should think about the issues here as well. So why is that wrong? It is, you're not terribly wrong about it. But I think the thing to point, to note here, is that Article III jurisdiction, the question of whether we've got an injury in fact that the court can address, is a question that can be raised at any time. Does not have to be confined to Rule 12B. And this court hears post-trial and even post-final. But what it feels like you're saying is that there's no subject matter jurisdiction for this court because they haven't pled any kind of claim. Or they've failed to state a claim under 12B6 because they haven't pled the right element. So they can't set aside. It's not a 12B6 failure to state a claim. Though we think that would also be a problem. But it is a failure to properly invoke this court's Article III jurisdiction because it is not a claim to defend a legally protected right. There is no legally protected interest for the grandchildren in Lester's trust prior to his death. To go to something that Judge Clay was saying, we would be in a different posture if we were talking about breaches of fiduciary duty that occurred after Lester's death. At that point, the trust becomes irrevocable. At that point, Ohio law is pretty clear. The trustee does begin to owe duties to the remainder men or the beneficiaries. Any time there's a trustee and someone brings a breach of fiduciary duty, if the trustee doesn't owe them any duties, there's no standing. Correct, Your Honor. So we could raise that sua sponte. A district court could raise that sua sponte. A district court could say, no duties here. Sua sponte. I'm kicking it on standing. Yes, Your Honor. I think I have a sense of where you're going for it, how much you have to look into law. On standing, when you're trying to decide, is this person part of the class of people who get to bring this claim? They are an heir. Your Honor? Under common law, they would be some kind. They're in the family. So theoretically, this is not, if I was suing, I have no relationship with this family. So there's at least plausible that they are a family member, right? Your Honor, if it were a claim brought on behalf of the grandchildren for interference with their expectancy of inheritance, that is a common law claim, it's one that was raised here and dismissed, there would be standing as to that claim. But there's not for these claims. These two claims belong only and exclusively to the settlor of the trust because it's a revocable trust, and the grandchildren have no legally protected interest in the corpus of the trust as long as the settlor is alive. Why was the other claim dismissed that I described? I believe that the interference with expectancy of inheritance was count four, and it was a claim dismissed by plaintiffs. So there were, if I remember right, eight or nine claims brought in this case. So counts three and four of the complaint conversion and intentional interference with expectancy of inheritance were dismissed by plaintiffs. The remaining claims for undue influence and for lack of capacity were dismissed by the court. Before you run out of time, can you explain to us the damages argument? Because I'm not sure I follow your damages argument. The way I think of damages is the way I explained to your friend on the other side is you have to put it constructively, obviously not realistically, put it all back in, figure out the interest for the year, what the trust would have generated, and then disperse. You argued below, and am I right, the district court didn't decide whether – what is it that the district court didn't decide in 124 or 142? That's a great question, Your Honor. The district court essentially said I'm not going to bar – not essentially. in support of their damages claim, even if it may turn out that they need – that they do, in fact, need expert testimony. But you moved for judgment as a matter of law on 50A, and you argued, right, that the evidence was legally insufficient to support their damages claim. Correct, Your Honor. The district court never decided that. If I remember right, Your Honor, the district court took that under advisement. We renewed it as a 50B, and then the court denies it as moot after granting Rule 60. Okay. So I got that posture down now. Now address the damages question, which is you're trying to calculate interest on the $400,000, it seems to me, which I agree with your friend on the other side. It seems like it's three days at least is the proper calculus. Now, you can tell me I'm wrong, but the statute seems to say create a constructive trust on all the money, figure in your own mind, put it all back in, figure out what it would have generated, and then figure out what the proper distributions would be. Your Honor, so it is both everything you said and a bit more than that. As you pointed out to my friend on the other side, the trust code requires you put the plaintiffs back in the same position that they would have been, or really put the trust in the same position it would have been absent the distributions. So we're not just talking about the $400,000 to plaintiffs. You actually have to go back and basically put everything back in the trust, going back to at least 2018 when David becomes trustee. No, because I thought they're not contesting the first two distributions. Am I wrong about that or right? Well, Your Honor, the first two distributions to themselves or to a person with a larger tax incentive? The first two distributions I had that were not to them, that they didn't challenge the payments in 2018. Well, Your Honor, plaintiffs have challenged about $14 million worth of distributions. This includes the major distributions. And so what the statute would require is not only to put all of it back in the trust and calculate interest, but it is calculating the performance of what that corpus would have done over the lifetime of the trust. And in this case, you also have to compare that. Why over the lifetime? From the time of the improper distribution. So we're not just talking about $400,000 three days before Lester died. We are talking about distributions that come significantly earlier. But you also have to measure that against the distributions that plaintiffs received, including the trust that had been set up for them years prior to this, how that would have performed and how it's impacted by things like different investment decisions and the fact that plaintiffs during the lifetime of that trust took money out of it for their own personal use. And so it is, I think, Your Honor, more complicated than just calculating interest. It is how do we wind the clock back on all these distributions to February of 2018 or whenever the first distribution is made, and then measure that against not only how the trust would have performed, but how plaintiffs' separate trusts also would have performed. Can I ask you one procedural question before you finish? So I assume you agree with the exchange I had with your friend on the other side, that you filed a post-trial motion that does at least raise this issue again, the damages question again. Is that right?  You also raised this in a corrected verdict or posture after the close of the plaintiff's evidence, and the district court ruled against you. Correct, Your Honor. Is there anything new? I said functionally. Functionally. Well, he took it under advisement, and then it gets denied in the 50B as well. But for all practical purposes, the court has said, I'm content to enter judgment on this damage number. So is there anything new in your post-trial? Is there anything new in your post-trial motion that's different than what you argued at the close of the plaintiff's evidence? As I recall, no, Your Honor. And given that it would be a 50B, there really wouldn't be anything new for us to offer. But it took the 50. Did it rule on the 50A? I thought it kicked. You get the 50A, you get the standing argument, I think by 60, right? Yes. And then he decides 60, and by then you filed 50B. Did he do something in the interim of the 50A and 50B? So there is a footnote in the court's standing order. It says that the 50B is denied as moved because he's granted the 50A. Sorry, because he's granted the 60B. Right, but the judgment is a matter of law following the close of the plaintiff's evidence. He denied that. He denied your motion there. I believe so, Your Honor. Yes, he did. And he says I ---- There's nothing. But to answer your substance question, there's nothing, there's really nothing new as between the 50A versus the 50B. Because on the one hand, we have a post-trial motion not ruled on. On the other hand, you're telling us there's nothing new there, and we do have the district court previously weighing in and rejecting your position on the evidence. Your Honor, not in a decision that we don't think is, not to cast aspersions on the district, but it's not a particularly robustly reasoned decision. And we think one that was incorrect. You mean the 50A ruling? Yes, Your Honor. That was just a verbal one-line. I think that was just a report. Yeah, it was just a one-line. But I'm, I'm, I mean, I'm, I agree with you. It's fairly before you now that you could decide the issue here. We think yes. If we think that was enough. No one other shot in the district court. Your Honor, you'll be. It's not a hard question. I understand. It's not a trick question. If, I think as any legal would say, if you're prepared to rule in my favor here today, I'd be more than happy to have you decide it. If you are not yet prepared to rule in my favor today, then feel free to send it back and have the district court take another run at it. Thank you very much. You're obviously a well-trained lawyer. Do we have rebuttal? Thank you. I probably agree with what counsel just said, prepared to rule in our favor on damages. And that's by all means. Let's, let's get that taken care of and no, no reason for a remand. I do want to start with addressing Your Honor's question about the best cases on the reasonable certainty being all that's required, mathematical precision. Well, I know reasonable certainty is all that's required. Okay. So give me that. But what I meant was that I could ignore this provision that directs you how to conduct it. In other words, what I think about the way, and you should tell me if I'm wrong, is A1 says amount to record, restore the value of the trust property. And I think I agree with your friend on the other side that at that point we have to calculate that, calculate what you actually earned and then do the subtraction. But it seems to me that what this says is this is the way you calculate it and you have to do it under Ohio law with reasonable certainty. It's not reasonable certainty lets you ignore Ohio law and just do your best guess. No, no. What we did was to determine with reasonable certainty what the value of the distribution should have been, but for the wrongful distributions. It's true. There was no accounting for what would have been a very short, in the case of the distributions to my clients, very short, very small amount of distributions. We're not ignoring the statutory standard. We're just not taking it to the nth degree of not just in considering the distributions, but also considering what everybody. You see what I'm saying? In other words, this doesn't go to a reasonable degree of certainty. It goes to how you calculate the damages. Then reasonable degrees of certainty says you don't have to get it precise, which is your point you made in your prior argument that we can look at how it would have performed in 2020 or whenever, 2018, 2019, but we don't have to be exact. In other words, we don't have to get it exactly right. We just have to give it our best guess. Well, to calculate what the trust distributions would have been had the breach not occurred. That is the statutory standard. It is reasonably accurate to do that without considering the earnings that everybody would have received during a very short, well, for my clients, an exceptionally short period of time, and for the trustee and his children and the living siblings and their children, it was a longer period of time, but still we're talking about a year or so. Not that much money was involved during that period of time, and so what we did was to follow the standard, but to do so in a way that was conservative. And I'm right. You're not contesting the 2018 distributions? That's correct. We are not contesting the 2018. Why not? The 2018, because we can't show any losses associated with that, they matched up with the one-fifth going to my clients as opposed to the four-fifths going to the living siblings of the settler. So we didn't have any damages associated with that, and so that's not part of the case. I do think it, well, I see that my time is up. Well, you can wind up if you can do so succinctly. I will do so very succinctly. I just want to stress that the trustee's position, in particular on the jurisdictional issues in this case, both the argument raised in the district court and the new one raised on appeal, is literally unprecedented that there is not a single case that has found lack of standing or lack of subject matter jurisdiction on either of the grounds, contingent beneficiary or lack of duty, that they argue here. We would ask the court to reverse the judgment and remand with instructions to enter judgment in accordance with the jury verdict. Thank you. Thank you very much, and the case is submitted.